UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JON LOGAN KENNISON, CHARLES SPLOND, SEANAH J. DIXON, TONEY A. WHITE, REMOH GARRY, and JOHN SAVAGE, | Case No. 2:24-cv-01845-CDS-MDC |
| | **ORDER** |
| Plaintiffs | |
| v. | |
| JEREMY BEAN, et al., | |
| Defendants | |

This action began with a pro se civil-rights complaint filed under 42 U.S.C. § 1983 by six Nevada prisoners. (ECF No. 1-2). Each plaintiff has filed his own application to proceed *in forma pauperis*. (ECF Nos. 1 (White), 1-1 (Dixon) 4 (Savage), 5 (Garry), 6 (Kennison), 19 (Splond)). The Court entered a screening order on July 15, 2025, allowing certain claims to proceed and granting leave to amend by August 15, 2025. (ECF No. 10). When that deadline expired without an amended complaint, the Court entered an order permitting this action to proceed on only the Eighth Amendment exercise-condition claim as stated in the screening order. (ECF No. 16). That order imposed a 90-day stay and the Court entered a subsequent order in which the parties were assigned to mediation by a court-appointed mediator. (ECF Nos. 16, 24).

The mediation conference is scheduled for March 6, 2026. (ECF No. 24). The Nevada Department of Corrections ("NDOC") recently moved to vacate the conference, arguing that two plaintiffs are housed at Ely State Prison and the remaining four are housed at High Desert State Prison, but not all plaintiffs can be in the same room as one another due to safety and security concerns, and the NDOC does not have the capacity to allow all six plaintiffs to be on Zoom simultaneously for the conference. (ECF No. 27).

The Court finds that the NDOC has demonstrated good cause to vacate the mediation conference and move this action onto the normal litigation track. The Court will

grant the NDOC's motion and vacate the conference, but there is a housekeeping matter that must be addressed before this action can proceed. In response to the Court's December 23, 2025, minute order, the NDOC erroneously filed the financial certificate for non-party Robert Spahr instead of plaintiff Charles Splond. (*Compare* ECF No. 20, *with* ECF No. 23). That document will be struck from the docket, and the Court will give the NDOC another opportunity to file plaintiff Splond's financial certificate.

## I.   CONCLUSION

It is therefore ordered that the NDOC's motion to vacate the Inmate Early Mediation Conference (ECF No. 27) is granted, and the mediation conference scheduled for March 6, 2026, is **VACATED**.

It is further ordered that plaintiff Charles Splond with Inmate Number 67986 is an inmate in the custody of the NDOC and is housed at Ely State Prison. Plaintiff Splond has submitted an application to proceed *in forma pauperis* to the Court. (ECF No. 19). Plaintiff Splond authorizes the NDOC to provide a copy of his trust fund account statement for activity covering the last six months to this Court.

It is further ordered that the NDOC must file directly with the Court the following documents pertaining to Plaintiff Charles Splond: (a) current account balance, (b) average monthly account balance, and (c) average monthly deposits for the last six months by email to docketreno@nvd.uscourts.gov.

It is further ordered that the financial certificate for non-party Robert Spahr (ECF No. 23) is stricken from the docket.

The Clerk of the Court is directed to send a copy of this order to the attention of Chief of Inmate Services for the Nevada Department of Corrections at formapauperis@doc.nv.gov.

DATED: February 24, 2026

_____
UNITED STATES MAGISTRATE JUDGE

- 2 -