UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JON LOGAN KENNISON, CHARLES SPLOND, SEANAH J. DIXON, TONEY A. WHITE, REMOH GARRY, and JOHN SAVAGE,

Plaintiff,

v.

JEREMY BEAN, et al.,

Defendants.

Case No.  2:24-cv-01845-CDS-MDC

**ORDER**

This action began with a pro se civil-rights complaint filed under 42 U.S.C. § 1983 by six Nevada prisoners. (ECF No. 11). Each plaintiff has filed his or her own application to proceed *in forma pauperis*. (ECF Nos. 1 (White), 1-1 (Dixon) 4 (Savage), 5 (Garry), 6 (Kennison), 19, 29 (Splond)). Based on the financial information provided, the Court finds that each Plaintiff is unable to prepay his or her own filing fee in this matter.

The Court entered a screening order on July 15, 2025, allowing certain claims to proceed and granting leave to amend by August 15, 2025. (ECF No. 10). When that deadline expired without an amended complaint, the Court entered an order permitting this action to proceed on only the Eighth Amendment exercise-condition claim. (ECF No. 16). The Court set this matter for an Inmate Early Mediation conference but vacated it based on the Interested Party's motion for that relief. (ECF Nos. 24, 27, 28). This case will therefore proceed onto the normal litigation track.

For the foregoing reasons, **IT IS ORDERED** that:

1.       Plaintiffs' applications to proceed *in forma pauperis* (ECF Nos. 1, 1-1, 4, 5, 6, 19, 29) are **GRANTED**. Plaintiffs are not required to pay an initial installment of the filing fee. Plaintiffs are permitted to maintain this action to conclusion without prepaying any additional fees or costs or the giving of security for them. In the event that this action is later dismissed, each Plaintiff's full filing fee must still be paid under 28 U.S.C. § 1915(b)(2).

2.      The Nevada Department of Corrections must forward payments from the account of **Toney A. White, #1214172** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10) until the full $350 filing fee has been paid for this action.

3.      The Nevada Department of Corrections must forward payments from the account of **Sean J. Dixon, #62866** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10) until the full $350 filing fee has been paid for this action.

4.      The Nevada Department of Corrections must forward payments from the account of **John A. Savage, #1179074** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10) until the full $350 filing fee has been paid for this action.

5.      The Nevada Department of Corrections must forward payments from the account of **Remoh J. Garry, #1005458** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10) until the full $350 filing fee has been paid for this action.

6.      The Nevada Department of Corrections must forward payments from the account of **Jon L. Kennison, #1182302** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10) until the full $350 filing fee has been paid for this action.

7.      The Nevada Department of Corrections must forward payments from the account of **Charles E. Splond, #67986** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10) until the full $350 filing fee has been paid for this action.

8.      The Clerk of Court is directed to **SEND** a copy of this order to (a) the Finance Division of the Clerk's Office and (b) the attention of **Chief of Inmate Services for the Nevada Department of Corrections** at formapauperis@doc.nv.gov.

2

9. The Clerk of Court is directed to electronically **SERVE** a copy of this order and a copy of Plaintiffs' complaint (ECF No. 11) on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.

10. Service must be perfected within 90 days from the date of this order under Federal Rule of Civil Procedure 4(m).

11. Subject to the findings of the screening order (ECF No. 10), within 21 days of the date of entry of this order, the Attorney General's Office must file a notice advising the Court and Plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal. As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office must file, under seal, but will not serve the inmate Plaintiff the last known address(es) of those defendant(s) for whom it has such information. If the last known address of the defendant(s) is a post office box, the Attorney General's Office must attempt to obtain and provide the last known physical address(es).

12. If service cannot be accepted for any of the named defendant(s), Plaintiffs must file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). For the defendant(s) as to which the Attorney General has not provided last-known-address information, Plaintiff must provide the full name and address for the defendant(s).

13. If the Attorney General accepts service of process for any named defendant(s), such defendant(s) must file and serve an answer or other response to the complaint (ECF No. 11) within 60 days from the date of this order.

14. Plaintiffs must serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion, or other document Plaintiffs submit for the Court's consideration. If Plaintiffs electronically file a document with the Court's electronic-filing system, no certificate of service is required.

Fed. R. Civ. P. 5(d)(1)(B); Nev. Loc. R. IC 4-1(b); Nev. Loc. R. 5-1. But if Plaintiffs mail the document to the Court, Plaintiffs must include with it a certificate stating the date that a true and correct copy of the document was mailed to the defendant(s) or their attorney(s). If counsel has entered a notice of appearance, Plaintiffs must direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge that has not been filed with the Clerk or fails to include a certificate showing proper service when required.

15.    This case is no longer stayed.

DATED: March 10, 2026

_____
UNITED STATES MAGISTRATE JUDGE